UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN WALKER, et al.                                                                                       PLAINTIFFS

v.                                                                                   CIVIL ACTION NO. 3:08-CV-191-S

PHILLIP MORRIS USA INC., et al.                                                                    DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on the plaintiffs' motion to remand (DN 14). The defendants have responded to the motion (DN 19) and the plaintiffs have replied (DN 21). After review of the record, the court finds that the hearing requested by the plaintiffs (DN 23) is unnecessary, and, for the reasons that follow, will deny the plaintiffs' motion to remand.

BACKGROUND

This action arises from a house fire that occurred on February 6, 2007, in Bardstown, Kentucky. Ten people died as a result of the fire. The plaintiffs[1] in this action filed suit against the defendants[2] in Nelson County Circuit Court. Plaintiffs specifically allege product liability and

---

[1] John Walker, Individually and as Administrator for the Estate of Ann-Ashia Maddox; Greg McKinney, Individually and as Administrator for the Estates of Deashia McKinney and Nakiya McKinney; Janet Tongue, as Administratrix for the Estates of Sherry Lynn Maddox, Crystal Maddox, and Demita Wise; Patrick Netherton, as Administrator for the Estates of Heaven Maddox and Earth Maddox, and as Guardian and Next Friend of Yohanna Maddox; Carla Sparrow, Individually and as Administrator [sic] for the Estate of Dariyel Maddox; Roger Hardin, Jr., as Guardian and Next Friend of Nathaniel Hardin; Elizabeth Maddox, Individually; Daryl Maddox, Individually; and Michael Taylor, Individually (hereinafter collectively, "Plaintiffs").

[2] Phillip Morris USA Inc.("Phillip Morris USA"); Altria Group, Inc.; and Phillip Morris International, Inc. (hereinafter collectively, "Phillip Morris"); Nathan Johnson; Gail Brothers; and Mickey Brothers (hereinafter collectively, "the non-diverse Defendants"); and Jackson Furniture Industries, Inc. ("Jackson Furniture").

negligence on the part of Phillip Morris to the extent that their production and distribution of a cigarette contributed to the fire. Similarly, Plaintiffs allege product liability and negligence on the part of Jackson Furniture to the extent that its production and distribution of an upholstered chair contributed to the fire. Plaintiffs allege negligence on the part of Nathan Johnson for failure to provide, service, and maintain the house's smoke detector. Plaintiffs allege negligence on the part Gail Brothers and Mickey Brothers, as Mr. Johnson's agents, for failure to service and maintain the house's smoke detector.

With the consent of its co-defendants, Phillip Morris USA removed the action to this court, which has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiffs are Kentucky citizens. Phillip Morris and Jackson Furniture are corporations organized under the law of states other than Kentucky and have their principal places of business in states other than Kentucky.[3] Though the non-diverse Defendants are Kentucky citizens, Phillip Morris USA contends that this court has subject matter jurisdiction over the action because the non-diverse Defendants were fraudulently joined. According to Phillip Morris USA, Plaintiffs have no reasonable basis for a claim against the non-diverse Defendants, and therefore, the non-diverse Defendants' citizenship should not be considered in determining whether this court has diversity jurisdiction. Plaintiffs have moved to remand the action to Nelson Circuit Court, arguing first that Phillip Morris USA is time-barred under the procedural requirements for removal under 28 U.S.C. § 1446(b); and second that the non-diverse Defendants were not fraudulently joined.

---

[3] Phillip Morris USA and Altria Group, Inc. are Virginia corporations with their principal places of business in New York. Phillip Morris International, Inc. is a Delaware corporation with its principal place of business in New York. Jackson Furniture is a Tennessee corporation with its principal place of business in Tennessee.

Because the court finds that Phillip Morris USA has complied with the relevant time provisions of Section 1446(b), and that Plaintiffs do not have a reasonable basis for a claim against the non-diverse Defendants, Plaintiffs' motion to remand will be denied.

## DISCUSSION

### A.  28 U.S.C. § 1446(b)

28 U.S.C. § 1446(b) provides in relevant part that a notice of removal "shall be filed within thirty days after the receipt by the defendant... of a copy of the initial pleading..."  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant" of "other paper from which it may first be ascertained that the case is one which is or has become removable..." *Id*.  "§ 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable." *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (table), No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991).  The burden of showing the propriety of removal rests with the removing party.  *Flowers v. Aetna Casualty & Surety Co.*, 163 F.2d 411 (6th Cir. 1947).

Plaintiffs argue that Phillip Morris USA's petition for removal of April 11, 2008, is untimely - and so, barred - because  Phillip Morris USA had unambiguous information concerning Plaintiffs' claims against the non-diverse Defendants upon receiving Plaintiffs' Complaint on February 4, 2008, sixty-seven (67) days earlier.

There is no dispute that Plaintiffs' Complaint states cognizable claims against the non-diverse Defendants.  As Phillip Morris USA readily admits, "Plaintiffs' Complaint sufficiently sets out the facts and elements of a claim for negligent performance of a voluntary undertaking under Kentucky law."  Memorandum In Opposition To Plaintiffs' Motion To Remand (DN 19) at 7; see also Notice of Removal (DN 1), Exhibit A at 16-17.  Because the case stated by the Complaint

depicts a matter between parties lacking complete diversity, the case does not *appear* removable.

Phillip Morris USA contends that the non-diverse Defendants' Answers and Affidavits (i.e. "other paper") first revealed latent defects in the Complaint. Phillip Morris USA asserts that once it received such solid and unambiguous information, it determined that the non-diverse Defendants were fraudulently joined, and ascertained that the case was or had become removable.

Phillip Morris USA received the Answers of Gail and Mickey Brothers on March 14, 2008, and the Answer of Nathan Johnson on March 24, 2008. Phillip Morris USA received the Affidavits of the non-diverse Defendants on April 9, 2008. Any or all of these documents may be considered to have enabled Phillip Morris USA to ascertain that Plaintiffs had no reasonable basis for a claim against the non-diverse Defendants. Accordingly, Phillip Morris USA's removal was timely[4] in satisfaction of Section 1446(b).

### B. Fraudulent Joinder

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand [to state court] only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted).

In order to determine whether a non-diverse defendant was fraudulently joined, the court must consider whether the plaintiff had a colorable basis for her claims against that defendant. *Id.* at 904. To answer that question, the court employs the following standard:

There can be no fraudulent joinder unless it [is] clear that there can be no recovery

---

[4]Assuming Section 1446(b)'s running period started upon the earliest receipt of Gail and Mickey Brothers' Answers on March 14, 2008, Phillip Morris USA petition for removal was filed no more than twenty-eight (28) days later.

> under the law of the state on the cause alleged or on the facts in view of the law... Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. [Restated,] the question [is] whether there was any reasonable basis for predicting that [Plaintiffs] could prevail.

*Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (internal quotation marks and citations omitted). When deciding whether the plaintiff has fraudulently joined a defendant the court may go beyond the pleadings to consider summary judgment-type evidence. *Gentek Building Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

It is the removing party's burden to demonstrate fraudulent joinder, and any doubts are resolved against removal. *Alexander* at 948-949. Plaintiffs allege that the non-diverse Defendants are liable for negligent performance of a voluntary undertaking, that being assumption of the duty to test the smoke detector. Phillip Morris USA does not dispute that Kentucky law clearly provides for recovery for negligent performance of a voluntary undertaking. Rather, Phillip Morris USA argues that there is no reasonable basis for predicting that Plaintiffs could prevail on their claims against the non-diverse Defendants *on the facts* in view of the law. At issue is whether the non-diverse Defendants, in fact, assumed the duty to test the smoke detector. Absent any factual support for this threshold issue, Plaintiffs have no reasonable basis for a claim against the non-diverse Defendants.

In support of removal, Phillip Morris USA submitted evidence citing the Answers and Affidavits of Nathan Johnson, Gail Brothers, and Mickey Brothers tending to prove that the non-diverse Defendants did not voluntarily assume the duty to test the smoke detector. Notice of Removal (DN 1) at ¶¶ 27-30, 32-38, 43-47. This evidence includes the non-diverse Defendants' denial of ever expressly or impliedly representing to anyone an assumption of the duty to test the smoke detector. There is further evidence supporting the conclusion that neither Sherry Maddox

nor any other resident in the home had reason to believe that the non-diverse Defendants assumed the duty to test the smoke detector.

"We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Badon v. R.J.R. Nabisco Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Plaintiffs allege in their Complaint that the non-diverse Defendants assumed the duty to test the smoke detector. However, in light of the evidence submitted by Phillip Morris USA in support of removal, Plaintiffs have failed to present any countervailing evidence that goes to the issue of whether the non-diverse Defendants assumed the duty to test the smoke detector. Although Plaintiffs replied to Phillip Morris USA's response to the motion to remand, they tendered no evidence to either refute the non-diverse Defendants' answers and affidavits, or to support their own allegations.

Plaintiffs reiterate the Affidavit of Daryl Maddox, which states in relevant part, "We relied on the maintenance people overseeing the property to test and service the smoke detector. We believed the maintenance people tested the smoke detector when they checked the furnace filters and serviced other items in the home." Affidavit of Daryl Maddox at ¶ 4. These statements do not establish that the non-diverse Defendants assumed the duty to test the smoke detector, since mere reliance by one person cannot itself establish assumption by another. Moreover, Mr. Maddox's sworn statement that residents of the home relied on the non-diverse Defendants to test the smoke detector contradicts his earlier statement to Senior Deputy State Fire Marshal Robert Goodwin, Jr.[5]

---

[5] When asked by Mr. Goodwin if there was a smoke detector in the house, Mr. Maddox responded, "It was in the hallway but it did not work." When asked how he knew it did not work, Mr. Maddox replied, "I tested it and it did not work." Plaintiffs' Motion to Remand, Exhibit A, Attachment A to Emergency Response Investigative Report at 6.

Insomuch as Plaintiffs' lack of evidence reduces their claims to mere conclusory allegations, there is no reasonable basis for predicting that Plaintiffs might establish liability in their claims against the non-diverse Defendants.[6]

### C. Conclusion

Because the court finds that Phillip Morris USA has complied with the relevant time provisions of Section 1446(b), and that Plaintiffs do not have a reasonable basis for a claim against the non-diverse Defendants, Plaintiffs' motion to remand will be denied.

A separate order will be entered herein this date in accordance with this opinion.

---

[6]Restated, Plaintiffs fail to state a claim against the non-diverse Defendants upon which relief can be granted. The court notes that the non-diverse Defendants raised and reserved this affirmative defense in their respective Answers prior to this action's removal from state court. Answer of Nathan Johnson at 4; Answer of Gail Brothers and Mickey Brothers at 4-5.
    In accordance with their Answers, and in light of the court's findings herein above, Plaintiffs' claims against the non-diverse Defendants will be dismissed.