UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN WALKER, et al.                                                                                    PLAINTIFFS

v.                                                                              CIVIL ACTION NO. 3:08-CV-191-S

PHILLIP MORRIS USA INC., et al.                                                                      DEFENDANTS

### **MEMORANDUM OPINION**

This matter is before the court on the related motions of defendants[1] to dismiss the claims filed against them by plaintiffs [2] (DN 7; DN 28).  Plaintiffs have tendered a consolidated response (DN 32) and Defendants have replied individually (DN 35; DN 36).  Defendants have also tendered like motions for oral argument (DN 37; DN 39).  Because the court finds that oral argument is unnecessary, those motions will be denied.  For the reasons that follow, the court will grant Defendants' motions to dismiss.

BACKGROUND

Plaintiffs' case stems from a house fire that occurred on or about February 6, 2007, at a

---

[1] Phillip Morris USA Inc.; Altria Group, Inc.; and Phillip Morris International, Inc. (hereinafter collectively, "Phillip Morris"); and Jackson Furniture Industries, Inc. ("Jackson Furniture") (hereinafter collectively, "Defendants").

[2] John Walker, Individually and as Administrator for the Estate of Ann-Ashia Maddox; Greg McKinney, Individually and as Administrator for the Estates of Deashia McKinney and Nakiya McKinney; Janet Tongue, as Administratrix for the Estates of Sherry Lynn Maddox, Crystal Maddox, and Demita Wise; Patrick Netherton, as Administrator for the Estates of Heaven Maddox and Earth Maddox, and as Guardian and Next Friend of Yohanna Maddox; Carla Sparrow, Individually and as Administrator [sic] for the Estate of Dariyel Maddox; Roger Hardin, Jr., as Guardian and Next Friend of Nathaniel Hardin; Elizabeth Maddox, Individually; Daryl Maddox, Individually; and Michael Taylor, Individually (hereinafter collectively, "Plaintiffs").

residence located at 235 Guthrie Drive in Bardstown, Kentucky. Plaintiffs allege that the fire began when a lit cigarette came into contact with a piece of upholstered furniture. As a result of the fire, ten people lost their lives, including six children.

Plaintiffs claim that Defendants are liable for the deaths of the decedents for manufacturing and selling defective products that are unreasonably dangerous. Plaintiffs proceed under theories of strict liability and negligence, and are requesting punitive damages. Defendants argue that Plaintiffs do not have a cognizable claim because Defendants' respective products are not defective as a matter of law.

Phillip Morris asserts that there have been no prior claims in Kentucky against a cigarette manufacturer for a fire allegedly caused by a cigarette. Plaintiffs have produced no cases to the contrary; nor have Plaintiffs cited any authority for a claim against an upholstered furniture manufacturer for a fire allegedly caused by its product.

The court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 (a)(1).[3]

DISCUSSION

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the Complaint to be true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). See also *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2001). A motion to dismiss should not be granted "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of

---

[3]Plaintiffs are all Kentucky citizens. Phillip Morris USA and Altria Group, Inc. are Virginia corporations with their principal places of business in New York. Phillip Morris International, Inc. is a Delaware corporation with its principal place of business in New York. Jackson Furniture is a Tennessee corporation with its principal place of business in Tennessee.

his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989).

Plaintiffs allege parallel claims against Phillip Morris and Jackson Furniture under Kentucky product liability law for selling products in a defective condition unreasonably dangerous. Plaintiffs allege that Defendants' products were unreasonably dangerous because safer alternative designs for each of the products existed that would have prevented the deaths sustained on February 6, 2007. Plaintiffs allege that Phillip Morris should have sold "fire-safe cigarettes"[4] in Kentucky at the time of the fire, as the company was then already manufacturing and selling them in other states, where required by law.[5] Plaintiffs allege that Jackson Furniture should have sold furniture that used fire retardant "interliners" within the furniture's construction and fire retardants to treat the polyurethane foam and polyester fiber.

"We think it apparent that when the claim asserted is against a manufacturer for deficient design of its product the distinction between the so-called strict liability principle and negligence is of no practical significance so far as the standard of conduct required of the defendant is concerned. In either event the standard required is reasonable care." *Nichols v. Union Underwear Co., Inc.*, 602 S.W.2d 429 (Ky. 1980) (*quoting Jones v. Hutchinson Manufacturing, Inc.*, 502 S.W.2d 66, 69-70 (1973)). "The question is whether the product creates such a risk of an accident of the general nature of the one in question that an ordinarily prudent company engaged in the manufacture of such a product would not have put it on the market." *Montgomery Elevator Co. v.*

---

[4]"Fire-safe cigarettes" is Plaintiffs' term. Phillip Morris asserts that its "reduced ignition propensity cigarettes" ("RCIP") are in no way "fire-safe" of "fire proof."

[5]Since the time of the fire, Kentucky has enacted and imposed legislation banning the sale of non-RCIP cigarettes in Kentucky. KRS 227.770 to 227.784. [Effective April 1, 2008.]

*McCullough by McCullough*, 676 S.W.2d 776, 780 (Ky. 1984) (internal quotation marks and citation omitted).

Defendants argue that because cigarettes and upholstered furniture are common, straight-forward products, and the risks of a lit cigarette coming into contact with a piece of upholstered furniture are obvious and well-known, the products are not defective as a matter of law.

Plaintiffs argue that under *Nichols* and its progeny, "patent danger" or "consumer expectation" does not provide an absolute defense to strict liability for defective design in Kentucky. Plaintiffs are quite right in that; and Defendants do not dispute that a social utility standard risk versus benefit analysis is used to determine whether a design is unreasonably dangerous as a matter of Kentucky law. "Considerations such as feasibility of making a safer product, patency of the danger, warnings and instructions, subsequent maintenance and repair, misuse, and the product's inherently unsafe characteristics. . . are all factors bearing on the principal question. . . In a particular case, as with any question of substantial factor or intervening cause, [these factors] may be decisive." *Montgomery Elevator Co.* at 780-781.

Plaintiffs' chief argument for finding liability against Defendants here was the existence of safer alternative designs.[6] It should be noted right away that, just as patency of the danger is not an absolute defense to product liability, feasibility of making a safer product does not compel a finding that an existent product is unreasonably dangerous. "The maker is not required to design the best

---

[6]With regard to Jackson Furniture, Plaintiffs further argue that the average consumer is unaware of the flammability characteristics inherent to upholstered furniture because the manufacturers do not advise of these dangers. The court acknowledges that while warnings and instructions bear on the question of defective design, Plaintiffs have failed to allege in their Complaint that the average consumer is unaware of the risk of fire when a piece of upholstered furniture comes into contact with a burning cigarette.

possible product or one as good as others make or a better product than the one he has, so long as it is reasonably safe." *Sturm, Roger & Co., Inc. v. Boyd*, 586 S.W.2d 19, 21-22 (Ky. 1979). No single *Montgomery Elevator* factor is necessarily conclusive on the issue of whether a product is unreasonably dangerous, though any one of the factors may control a given determination. That a single factor may be decisive as a matter of law is not inconsistent with Kentucky's rejection in *Nichols* of consumer expectation as the sole test for design defect.

In *Jones v. Hutchinson Mfg. Inc.*, 502 S.W.2d 66 (1973), the Kentucky Supreme Court decided that the *danger* from a grain auger was *so apparent* that as a matter of law it was unreasonable to fix liability on the manufacturer for the injury caused by the circumstances in which it was used. In *Hercules Powder Co. v. Hicks*, 453 S.W.2d 583 (1970), the Court decided that dynamite was so *inherently unsafe* that it was unreasonable to blame the manufacturer for failure to warn when it exploded during careless handling. *Montgomery Elevator Co.* at 781. In *Byler v. Scripto-Tokai Corp.*, 944 F.2d 904, 1991 WL 181749 (6th Cir. 1991), the Sixth Circuit decided that the risk of harm from a butane lighter was so low that, absent *misbehavior* by supervising adults, it was unreasonable to fix liability on the manufacturer when a three-year old child started a fire that killed four people.

The *Byler* Court inferred from Kentucky Supreme Court precedent that "[C]ourts should examine the facts of each case before it, and then declare a product not to be unreasonably dangerous as a matter of law only if the facts show a type of obvious and unavoidable danger." *Id.* at *3 (internal quotation marks omitted). As with the case of the butane lighter in *Byler*, this case involves products that present just that sort of obvious and unavoidable danger.

The dangers of a burning cigarette coming into contact with a piece of upholstered furniture

are obvious.  The relevant inherent characteristics of both products are readily-observable and familiar to consumers:  To be used, cigarettes must be lit and burn.  To be used, upholstered furniture must be sat upon; and to be comfortable and attractive, it may be made with materials which could be flammable.  If a burning cigarette is placed in contact with a piece of upholstered furniture or any other combustible material, it presents a risk of fire.  If a piece of upholstered furniture is placed in contact with a burning cigarette or any other source of high heat, it presents a risk of fire.  Burning cigarettes are dangerous, but not unreasonably so.  Upholstered furniture, by the same token, can be dangerous under unusual circumstances.  But not unreasonably so.

In fact, our entire world is a potentially dangerous place in which to live.  We use and are surrounded by hot, sharp, electrically charged, slippery, hard, combustible, explosive, potentially deadly, possibly injurious, noxious, fast and heavy things.  All are dangerous.  But if they were all unreasonably dangerous, even the cave man would have to put out his cooking fire.  We find here, without difficulty, that cigarettes which have burning embers and couches which might be lit on fire if brought in contact with a burning cigarette, are not thereby unreasonably dangerous as a matter of law.

No court has found that there is a duty to make our world fool-proof or risk free.  Nor is there a duty to warn of obvious consequences of foolish behavior.

In this case, we will reject the opportunity to hold that just because something could happen, failure to prevent it is unreasonable.

The deaths which occurred in this instance are as regrettable as they are tragic.  There is no other way to describe such horrible loss of life.

Nothing this court can do will change what happened.  But we are obliged to ensure that the

law is applied dispassionately, and in a principled way.

## CONCLUSION

Taking all allegations in the Complaint to be true and construing the pleadings in a light most favorable to Plaintiffs, Plaintiffs can prove no set of facts that would entitle them to relief. Plaintiffs' strict liability and negligence claims will be dismissed.

A separate order will be entered herein this date in accordance with this opinion.